UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 23-CV-22341-RAR

LUIS MARIA VAQUERO LLANSO,

      Petitioner,

vs.

DANIELA ALEJANDRA ROJAS RIVERS,

      Respondent.
_____/

**<u>VERIFIED ANSWER TO PETITIONER'S VERIFIED PETITION FOR RETURN OF CHILD AND ORDER TO SHOW CAUSE AND AFFIRMATIVE DEFENSES</u>**

COMES NOW the Respondent, DANIELA ALEJANDRA ROJAS RIVERS, (hereinafter "Mother"), by and through undersigned counsel, and answers Petitioner's *Verified Petition for Return of Child and Order to Show Cause and Affirmative Defenses*, filed by the Petitioner, LUIS MARIA VAQUERO LLANSO, (hereinafter "Father"), in seriatim as follows:

1. Admitted for jurisdictional purposes only.

<u>Preamble</u>

2. Admitted for Jurisdictional purposes only.

3. Denied.

4. Admitted for Jurisdictional purposes only.

5. Admitted.

6. Admitted in part Denied in part. It is admitted that the objects of the convention are to (1) to secure the prompt return of children wrongfully removed to or retained in any Contracting State;

and (2) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States; the remainder of the allegations are denied.

7. Admitted.

8. Admitted.

9. Admitted in part Denied in part. It is admitted that there is a strong presumption favoring return of a wrongfully removed child with exceptions; the remainder of the allegations are denied.

10. Admitted.

11. Admitted.

12. Admitted.

13. Denied.

14. Denied.

## Jurisdiction and Venue

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

## Status of the Father, Mother, and Child

21. Admitted.

22. Admitted in part and Denied in part. It is admitted that Mother is a citizen of Venezuela and the United States; the remainder of the allegation is denied.

23. Admitted in part and Denied in part. It is admitted that the Child is a Spanish citizen and also a citizen of the United States of America; the remainder of the allegation is denied.

History of Case

24. Admitted.

25. Admitted.

26. Admitted.

27. Denied.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted in part Denied in part. It is admitted that Spain has codified the doctrine of *patria postestad,* the Parties by operation of law in Spain have shared *patria potestad* by operation of law; the remainder of the allegations are denied.

33. Admitted in part Denied in part. It is admitted that Parties agreed to a formal, written Travel Authorization for the Child to travel with the Mother to Florida; the remainder of the allegation is denied.

34. Admitted.

35. Admitted.

36. Admitted in part and Denied in part. It is admitted that the Child was physically present in Spain from birth until December 11, 2022, the remainder of the allegation is Denied.

37. Admitted in part Denied in part. It is admitted that the Mother did not return on January 11, 2023; the remainder of the allegation is denied.

38. Admitted in part Denied in part. It is admitted that the Mother filed a Petition To Establish Paternity in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, case number 2022-25055-FC-04 on December 28, 2022; the remainder of the allegations are denied.

39. Admitted.

40. Admitted.

41. Admitted in part and Denied in part. It is admitted that the Father never agreed that the Child could permanently move or relocate to South Florida or the United States; the remainder of the allegations are denied.

42. Admitted in part and Denied in part. It is admitted that Mother and Child traveled to the United States on December 11, 2022; the remainder of the allegations are denied.

43. Admitted in part Denied in part. It is admitted that the Father never consented or acquiesced to the Child being retained in Florida after January 1, 2023; the remainder of the allegations are denied.

44. Without knowledge therefore Denied.

45. Denied.

46. Admitted in part Denied in part. It is admitted that the Parties and the Child lived together on a temporary basis from the birth of the Child until December 11, 2022; the remainder of the allegations are denied.

47. Denied.

### Prima Facie Case of Wrongful Retention

48. Admitted.

49. Admitted.

### Habitual Residence

50. Admitted in Part and Denied in Part. It is admitted that the Child was located in Spain since birth with both Parties until December 11, 2022 and that the Child was born in Spain; the remainder of the allegations are denied.

51. Admitted in Part and Denied in Part. It is admitted that the Child was located in Spain since birth with both Parties until December 11, 2022; the remainder of the allegations are denied.

52. Denied.

## Rights of Custody

53. Admitted.

54. Admitted.

55. Admitted in part Denied in part. It is admitted that Father possesses *Patria Potestad* rights under Spanish law; without knowledge therefore denied as to the remainder of the allegations.

56. Admitted in part Denied in part. It is admitted that the Father has equal right to determine the Child's residence; without knowledge therefore denied as to the remainder of the allegations.

57. Without knowledge therefore Denied.

58. Admitted.

## Actually Exercised

59. Admitted in Part and Denied in Part. It is admitted that the Parties resided with the Child on a temporary basis in Spain; it is denied that the Father financially supported the Mother; and the Mother is without knowledge and therefore Denies the remainder of the allegations.

60. Denied.

61. Without knowledge therefore Denied.

## Respondent's Wrongful Retention

62. Admitted.

63. Denied.

64. Without knowledge therefore Denied.

65. Admitted in Part and Denied in Part. It is admitted that Father never consented to the permanent removal of the Child from Spain or the permanent retention outside of Spain; the remainder of the allegations are Denied.

66. Denied.

67. Denied.

68. Without knowledge therefore Denied.

69. Admitted.

70. Admitted.

71. Admitted.

72. Denied.

73. Denied.

## Return Order Request

74. Denied.

75. Admitted in part Denied in part. It is admitted that there is a strong presumption favoring return of a wrongfully removed child with exceptions; the remainder of the allegations are denied.

## Provisional Remedies

76. Denied.

77. Denied.

78. Denied.

79. Admitted.

80. Admitted.

81. Admitted.

82. Admitted.

83. Admitted.

84. Denied.

85. Admitted.

86.

    a. Denied.

    b. Admitted in part Denied in part. It is admitted that from birth until December 11, 2022 the Parties resided together in Barcelona, Spain, and that the Child resides at 10950 NW 82nd Street, Apt 321, Doral, FL 33178; the remainder of the allegations are denied.

    c. Denied.

    d. Denied.

    e. Admitted.

87. Admitted in part Denied in part. It is admitted that for the well being of the Child the Father should be given access to the Child, however the Father was already provided this relief in the related family case which the Father is exercising; the remainder of the allegations are denied.

88. Admitted.

## AFFIRMATIVE DEFENSES

### Habitual Residence

89. The Child was not habitually resident in Spain at the time of the Child's removal from Spain or retention in the Unites States as contemplated by the 1980 Hague Convention and/or the International Child Abduction Remedies Act (ICARA).

<u>Grave Risk of Psychological Harm</u>

90. There is a grave risk of psychological harm to the Child and/or the Child will otherwise be subjected to an intolerable situation if returned to Spain and/or Plaintiff.

<u>NOTICE AS TO FOREIGN LAW</u>

91. Notice is given in this pleading that the Father intends to raise an issue about, and will be relying on, foreign law. Fed.R.Civ.P. 44.1.

WHEREFORE, Respondent/Mother, DANIELA ALEJANDRA ROJAS RIVERS, prays that this Honorable Court deny the Petitioner/Father's Petition and requested Relief; dismiss the instant action at Petitioner's cost; Order the Petitioner/Father pay Respondent/Mother's legal costs and fees pursuant to 22 U.S.C. § 9007; that the Respondent be permitted to go forth without further expense or delay; and grant such further relief as justice and its cause may require.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: 7/14/2023

_____
DANIELA ALEJANDRA ROJAS RIVERS

Respectfully submitted,

**CRISTOBAL D. PADRON & ASSOCIATES, P.A.**

/s/Cristobal D. Padron, Esq.
CRISTOBAL D. PADRON, ESQ.
Florida Bar No. 92504
201 Alhambra Cir., Suite 802
Coral Gables, Florida 33134
Telephone: (786) 332-6340
Facsimile: (305) 675-7787
Email: c.padron.esq@gmail.com
*Attorney for Respondent*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 14, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or through other approved means.

**CRISTOBAL D. PADRON & ASSOCIATES, P.A.**

  /s/Cristobal D. Padron, Esq.
CRISTOBAL D. PADRON, ESQ.
Florida Bar No. 92504
201 Alhambra Cir., Suite 802
Coral Gables, Florida 33134
Telephone: (786) 332-6340
Facsimile: (305) 675-7787
Email: c.padron.esq@gmail.com
*Attorney for Respondent*

## SERVICE LIST

**Ronald H. Kauffman, Esquire**
Ronald H. Kauffman, P.A.
2 South Biscayne Boulevard
Suite 3400
Miami, FL 33131
Telephone: (305) 374-0937
Email: ron@rhkauffman.com
*Attorney for Petitioner*