UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-22341-RAR

**LUIS MARIA VAQUERO LLANSO**,

    Petitioner,

v.

**DANIELA ALEJANDRA ROJAS RIVERS**,

    Respondent.

_____/

## VOLUNTARY RETURN ORDER

**THIS MATTER** came before the Court for a Final Hearing on August 14, 15, and 16, 2023, [ECF Nos. 24–26], pursuant to The Hague Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act, 22 U.S.C. § 9001 *et seq*. The Court, having heard from the parties and counsel that this Order is agreed to, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Petitioner's Verified Petition for Return of Child and Order to Show Cause, [ECF No. 1], is **GRANTED** as follows:

    1.    The minor child, **A.V., a female born on June 29, 2022** (the "Child"), shall be **RETURNED** to her habitual residence in Spain.

    2.    Petitioner, or a person designated by Petitioner, will be arriving to the Southern District of Florida to pick up the Child and return with the Child to Spain on **September 6, 2023** at **6:45 PM** on **Air Europa**. The Child shall **RETURN** to Spain with Petitioner, or a person designated by Petitioner, on **September 7, 2023** at **9:30 PM**, unless otherwise agreed between the parties or ordered by the Court.

3. Respondent, Daniela Alejandra Rojas Rivers, shall surrender the Child to the custody and possession of Petitioner, Luis Maria Vaquero Llanso, on **September 7, 2023 at 3:00 PM** at the Wilkie D. Ferguson, Jr. U.S. Courthouse 400 North Miami Avenue, Ground Floor, Miami, Florida 33128.

4. Petitioner is hereby awarded physical custody of the Child for the express purpose of returning the Child to her country of habitual residence of Spain. The United States Marshals Service and all other federal, state, and local law enforcement officers are hereby notified that Petitioner has the authority and the lawful custody to remove A.V. from the United States in order to return her to Spain.

5. The United States Marshals Service is directed to ensure the parties comply with this Order and shall accompany the Child, if necessary, to the airport. Failure of Respondent, Daniela Alejandra Rojas Rivers, to surrender possession of the Child to Petitioner, Luis Maria Vaquero Llanso, will require the Court to direct the United States Marshals Service to take physical custody of the Child and will result in the entry of serious sanctions, including but not limited to contempt of court and incarceration.

6. Petitioner shall immediately file a notice with the Court indicating that Respondent has fully complied with this Order upon the Child's return to Spain.

7. The travel documents and passports for Respondent, and the birth certificate and any and all passports or other travel documents for the Child, seized by the United States Marshals Service and/or surrendered to the Clerk of Court and currently held in the Court registry shall be **RELEASED** to Petitioner, Luis Maria Vaquero Llanso, or Petitioner's counsel. In the event Respondent is accompanying Petitioner and the Child on the same return flight to Spain, Petitioner shall hold the passport of Respondent, and if not, Petitioner shall provide Respondent her passport after the exchange of the Child.

8. The Court reserves jurisdiction to determine Petitioner's entitlement to court costs, legal fees, and transportation costs related to the return of the child incurred by or on behalf of Petitioner pursuant to 22 U.S.C. § 9007. *See* 22 U.S.C. § 9007(b)(3) ("Any court ordering the return of a child pursuant to an action brought under section 9003 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees . . . and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate."). Petitioner shall file a motion for entitlement to such necessary expenses within **thirty (30) days** from the date of this Order, along with documentation evidencing the amount of such necessary expenses.

9. Absent leave of this Court, Respondent shall not remove, nor shall Respondent allow anyone else to remove, the Child from the Southern District of Florida pending the Child's return to Petitioner in Spain.

10. The Court retains jurisdiction over this case to permit any modification or enforcement of this Order, and enter any further orders deemed necessary and proper under the circumstances.

11. This Order is entered pursuant to the authority of 22 U.S.C. § 9003(a), conferring original jurisdiction upon this Court, and under the authority of The Hague Convention on the Civil Aspects of International Child Abduction.

12. The Clerk of Court shall mark this case **CLOSED**. All pending motions are **DENIED AS MOOT**, and all deadlines and stays issued in this proceeding are **TERMINATED**.

**DONE AND ORDERED** in Miami, Florida, this 18th day of August, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**