UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-22341-RAR

**LUIS MARIA VAQUERO LLANSO**,

    Petitioner,

v.

**DANIELA ALEJANDRA ROJAS RIVERS**,

    Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTIONS FOR ATTORNEYS' FEES & COSTS**

**THIS CAUSE** comes before the Court upon Petitioner's Motion to Tax Necessary Costs and Attorneys' Fees ("Fees Motion"), [ECF No. 30], and Motion to Tax Costs, Memorandum of Law, and Sworn Bill of Costs ("Costs Motion"), [ECF No. 31], (collectively, "Motions"). The Court, having considered the Motions, the record, the lack of responses in opposition, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motions, [ECF Nos. 30–31] are **GRANTED** for the reasons stated herein.

**BACKGROUND**

Petitioner Luis Maria Vaquero Llanso ("Mr. Llanso") resides in Spain and is the father of a one-year-old infant named A.V. *See* [ECF No. 1]. Respondent Daniela Alejandra Rojas Rivers ("Ms. Rivers") is A.V.'s mother. *Id.* Upon discovering that Respondent had brought A.V. to Miami and refused to return her to Spain, on June 23, 2023, Petitioner filed a Verified Petition for Return of Child and Order to Show Cause ("Petition"), [ECF No. 1], pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention"), Oct. 24, 1980, T.I.A.S. No. 11670, S. Treaty Doc, No. 99–11, implemented in the United States through

the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§9001–9011.  The Court held an expedited bench trial on this matter on August 14–16, 2023, [ECF Nos. 24–26].  After the bench trial, on August 19, 2023, the Court issued a Voluntary Return Order ("Return Order"), [ECF No. 28], in which the Court found that A.V.'s habitual residence was in Spain and that Respondent had unlawfully retained her in the United States in violation of the Hague Convention, *see generally* Return Order.  The Return Order also awarded Petitioner physical custody for purposes of returning the child to Spain and allowed Petitioner thirty (30) days within which to file a motion for necessary expenses, "including court costs, legal fees . . . and transportation costs" incurred by the Petitioner related to A.V.'s return.  Return Order at 2–3 (quoting 22 U.S.C. § 9007(b)(3)).

On September 14, 2023, Petitioner timely filed the two Motions giving rise to this Order. *See* [ECF Nos. 30–31].  On September 15, 2023, the Court referred the Motions to Magistrate Judge Becerra for a Report and Recommendation ("Referral Order"), [ECF No. 33].  Respondent's responses to the Motions were due on September 28, 2023.  No responses were filed.  On January 3, 2024, Magistrate Judge Becerra entered an Order to Show Cause ("OSC") setting a deadline of January 12, 2024 for Respondent to inform the Court as to why the Motions should not be granted in light of Respondent's failure to respond.  Respondent did not respond to the OSC either. On February 16, 2024, Magistrate Judge Becerra held a telephonic status conference on Plaintiff's Motions, [ECF No. 36].  Neither the Respondent nor her counsel appeared.  *Id.*  Accordingly, on February 16, 2024, this Court entered a Paperless Order, which, in relevant part, vacated the Referral Order and stated that the Court would "rule on the Motions directly via subsequent Order." [ECF No. 38].  This is that subsequent Order.

## **LEGAL STANDARD**

The Eleventh Circuit has explained that "granting an unopposed motion is similar to granting a default judgment against a defendant who fails to respond." *Hosseinzadeh v. Green Point Mortg. Funding, Inc.*, 577 F. App'x 925, 929 (11th Cir. 2014) (citing Fed. R. Civ. P. 55). And when a party defaults, "[he or she], admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (alterations added) (cleaned up). However, conclusions of law are to be determined by the court. *See Mierzwicki v. CAB Asset Mgmt., LLC*, No. 14-61998, 2014 WL 12488533, at *1 (S.D. Fla. Dec. 30, 2014).

## **ANALYSIS**

By his two uncontested Motions, Petitioner seeks an award of taxable costs and other "necessary expenses," including the legal fees and transportation expenses he claims to have incurred in securing A.V.'s return to Spain. [ECF No. 30] at 11. Specifically, Petitioner requests, pursuant to 22 U.S.C. §9007(b)(3), reimbursement of $30,966.00 in legal fees, reimbursement of $2,588.13 in taxable costs, and reimbursement of $1,260.78 in transportation costs. *Id.* In total, Petitioner seeks an award in the amount of $34,814.91. *Id.*

"The Hague Convention permits judicial or administrative authorities to order 'the person who removed or retained the child . . . to pay necessary expenses incurred by or on behalf of the applicant, including travel expenses, any costs incurred or payments made for locating the child, the costs of legal representation of the applicant, and those of returning the child.'" *Rath v. Marcoski*, 898 F.3d 1306, 1309–10 (11th Cir. 2018) (quoting Hague Convention, art. 26). ICARA,

which implements the Hague Convention, displaces the Convention's permissive standard with the following directive:

> Any court ordering the return of a child pursuant to an action brought under section 9003 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

*Rath*, 898 F.3d at 1310 (emphasis omitted) (quoting 22 U.S.C. § 9007(b)(3)). Accordingly, ICARA's fee provision imposes "a mandatory obligation" on courts to award necessary expenses to a successful petitioner, except when the respondent demonstrates that an award would be clearly inappropriate. *Id.* (quoting *Salazar v. Maimon*, 750 F.3d 514, 519 (5th Cir. 2014)); *see also Whallon v. Lynn*, 356 F.3d 138, 140 (1st Cir. 2004) (stating that a district court has "the duty" to award necessary expenses, subject to the "clearly inappropriate" exception).

The Eleventh Circuit has determined that "ICARA's fee-shifting provision creates a rebuttable presumption in favor of a fee award . . . [and creates] a strong presumption in favor of fee-shifting, rebuttable only by a showing from the losing respondent that an award of attorney's fees, costs and expenses would be clearly inappropriate." *Rath*, 898 F.3d at 1310–11 (alteration added) (footnote omitted) (citing *Salazar*, 750 F.3d at 520). The Eleventh Circuit has further explained that "ICARA does not afford courts broad discretion on the issue of whether prevailing petitioners are entitled to an award—the statute dictates that they presumptively are—and the exception cannot be drawn so broadly as to make the analysis indistinguishable from what courts employ under a typical fee-shifting statute." *Id.* at 1311 (citing *Chafin v. Chafin*, 568 U.S. 165, 169 (2013) ("ICARA also provides that courts ordering children returned generally must require defendants to pay various expenses incurred by plaintiffs . . . .")). Accordingly, "courts must place

on the losing respondent the substantial burden of establishing that a fee award is clearly inappropriate." *Id.* (citing *Salazar*, 750 F.3d at 522).

Pursuant to its Return Order, the Court found that Respondent had unlawfully violated the Hague Convention, ordered A.V. returned to Spain, and directed Petitioner to "file a motion for entitlement to such necessary expenses within thirty (30) days." Return Order at 1–3. Thus, Mr. Llanso is the prevailing party here under ICARA. Accordingly, as explained herein, the Court finds that Petitioner's request for $34,814.91 in legal fees, taxable costs, and transportation costs is reasonable. Moreover, Respondent's failure to respond is sufficient for the Court to conclude that Respondent has failed to establish that such an award is "clearly inappropriate" under 22 U.S.C. § 9007(b)(3).

### I. Attorneys' Fees

Petitioner seeks reimbursement for $30,966.00 spent on legal fees. [ECF No. 30] at 11. "[A] statute allowing for the recovery of attorney's fees . . . generally applies in federal court so long as it does not conflict with a valid federal statute or rule." *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1259 (11th Cir. 2011). In determining whether a party prevailed for purposes of fee shifting statutes like ICARA, "[a] typical formulation is that 'plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (citing *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978)). It remains for the district court to determine what fee is "reasonable." *Id.* And where a motion for fees is unopposed, the Court must nonetheless determine whether the requested amount of fees is reasonable. *See Bernal v. Cuprys & Assocs. Att'ys at L. Corp*, No. 17-22866, 2018 WL 4426173, at *2 (S.D. Fla. June 19, 2018), *report and recommendation adopted*, No. 17-22866,

2018 WL 4409947 (S.D. Fla. July 26, 2018); *see also Morris v. Saul*, No. 20-60476, 2021 WL 1342152, at *1 (S.D. Fla. Mar. 25, 2021), *report and recommendation adopted*, No. 20-60476, 2021 WL 1341607 (S.D. Fla. Apr. 9, 2021) (adopting recommendation that plaintiff's request for attorneys' fees and costs be granted in full after noting the lack of opposition and finding it reasonable); *Carter v. Comm'r of Soc. Sec.*, No. 6:13-CV-931-ORL-22, 2014 WL 5454391, at *1 (M.D. Fla. Oct. 27, 2014) (same) ; *Washington v. Comm'r of Soc. Sec.*, No. 8:08-CV-1614-T-27TGW, 2010 WL 256549, at *2 (M.D. Fla. Jan. 21, 2010) (same).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley,* 461 U.S. at 434. This amount is typically referred to as the "lodestar." *Thornton v. Wolpoff & Abramson, L.L.P.*, 312 F. App'x 161, 163–64 (11th Cir. 2008). There is a strong presumption the lodestar yields a reasonable fee in fee-shifting statutes. *In re Home Depot Inc.*, 931 F.3d 1065, 1082 (11th Cir. 2019). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). To determine the prevailing market rate, courts often consider "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996).

The party seeking an award of fees bears the burden of documenting and substantiating the number of hours and hourly rate. *See Hensley*, 461 U.S. at 433. Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence.

*See Norman*, 836 F.2d at 1299.  Courts may also rely upon independent judgment and expertise to make an appropriate independent assessment of the value of an attorney's services, especially where fee applications are inadequate or excessive.  *See id.* at 1303.

Here, Petitioner's counsel at Ronald Kauffman, P.A. performed 49.28 combined hours of legal services on this case and billed $30,966.00 for their services. [ECF No. 30] at 32–36.  Based on the Court's review of Petitioner's Motion for Fees, [ECF No. 30], the fee records attached to the Motion, [ECF No. 30] at 32–36, the fee agreement entered into by Petitioner and counsel, [ECF No. 30] at 37–40, and the Respondent's lack of opposition, the Court finds Petitioner's attorneys' fees request reasonable.  Moreover, the total number of hours and amount for legal services is consistent with amounts approved in recent Hague Convention cases.  *See Wasniewski v. Grzelak-Johannsen*, 549 F. Supp. 2d 965, 980–81 (N.D. Ohio 2008) (awarding $117,890.73 for attorneys' fees and expenses); *Chafin v. Chafin*, No. CV-11-J-1461-NE, 2012 WL 12893523, at *6 (N.D. Ala. Mar. 7, 2012) (finding total of $85,580.00 in attorneys' fees, including the value of pro bono time, reasonable); *Knigge ex rel. Corvese v. Corvese*, No. 01 CIV. 5743 (DLC), 2001 WL 883644, at *5 (S.D.N.Y. Aug. 6, 2001) (awarding $44,463.60 for attorneys' fees); *Neves v. Neves*, 637 F. Supp. 2d 322, 347–48 (W.D.N.C. 2009) (awarding $39,999.36 for attorneys' fees and expenses); *Fuentes-Rangel v. Woodman*, No. 2:14-cv-00005-WCO, 2015 WL 12999707, at *4 (N.D. Ga. July 29, 2015) (awarding $37,600.00 for attorneys' fees and expenses); *Ostos v. Vega*, No. 3:14-cv-3935-L, 2016 WL 1170830, at *3 (N.D. Tex. Mar. 25, 2016) (awarding $37,194.71 for attorneys' fees and expenses).  Accordingly, the Court awards Petitioner the full $30,966.00 in attorneys' fees pursuant to ICARA.

## II. Taxable Costs

Petitioner also seeks reimbursement of $2,588.13 in taxable costs related to this litigation. [ECF No. 30] at 11. Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees—should be allowed to the prevailing party." The Eleventh Circuit has held that Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party which the non-prevailing party must overcome. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). Because ICARA is a federal statute, 28 U.S.C. § 1920 applies for purposes of determining taxable costs. Section 1920 states that "[a] judge or clerk of any court of the United States may tax as costs . . . (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under Section 1923 of this Title; (6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services . . . ." Section 1920 further requires that "[a] bill of costs . . . be filed in the case, and upon allowance, included in the judgment decree." 28 U.S.C. § 1920.

Here, Petitioner's Fees Motion requests $2,588.13 in taxable costs related to this litigation, [ECF No. 30] at 11, and his separately filed Costs Motion, [ECF No. 31], includes a Sworn Bill of Costs appended to it, Costs Motion at 5–6. Petitioner also attaches documentary evidence to his sworn Bill of Costs further substantiating the litigation costs he incurred securing A.V.'s return. *See* Costs Motion at 7–10. Based on the Court's review of Petitioner's Motions, the Sworn Bill of Costs, and in light of Respondent's lack of opposition, the Court awards Petitioner the full $2,588.13 in taxable costs.

### III. Transportation Costs

Petitioner also seeks reimbursement of $1,260.78 for the transportation costs he incurred returning A.V. to Spain. [ECF No. 30] at 11. As already noted, 22 U.S.C. § 9007(b)(3) provides that "any court ordering the return of a child pursuant to an action brought under section 9003 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and *transportation costs* related to the return of the child . . . ." (emphasis added). Petitioner accordingly includes documentation substantiating the necessary travel expenses he incurred. [ECF No. 30] at 14–31. Based on the Court's review of Petitioner's Motions, Petitioner's transportation billing records, [ECF No. 30] at 14–31, and the lack of opposition, the Court awards the full $1,260.78 in transportation costs to Petitioner.

### IV. Evidentiary Hearing

Petitioner's Motions initially sought an evidentiary hearing concerning his request for attorneys' fees. [ECF No. 30] at 11. Petitioner subsequently withdrew his request for an evidentiary hearing, and Magistrate Judge Becerra deemed it withdrawn in her February 16, 2024 Paperless Order, [ECF No. 36]. Accordingly, the Motions' request for an evidentiary hearing is denied as moot.

### **CONCLUSION**

For the foregoing reasons, Petitioner is entitled to full reimbursement of necessary expenses he incurred returning A.V. to Spain, including legal fees, taxable litigation costs, and transportation costs. Moreover, Respondent's failure to respond to the Motions is sufficient for the Court to find that Respondent has not established that this award is "clearly inappropriate" for purposes of 22 U.S.C. § 9007(b)(3). Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Petitioner's Motions, [ECF No. 30–31], are **GRANTED**.

2. The Court hereby awards, in favor of Petitioner and against Respondent, **$30,966.00** in attorneys' fees; **$2,588.13** in taxable costs; and **$1,260.78** in transportation costs for a total amount of **$34,814.91**, for which sum let execution issue forthwith.

3. Petitioner's request for an evidentiary hearing is **DENIED AS MOOT**.

**DONE AND ORDERED** in Miami, Florida this 26th day of February, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**